UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and 3M COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>GOJO INDUSTRIES, INC.,<br><br>Defendant. | Civil No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs 3M Innovative Properties Company ("3M IPC") and 3M Company ("3M"), for their Complaint against Defendant GOJO Industries, Inc. ("GOJO"), allege as follows:

### PARTIES

1. Plaintiff 3M IPC is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 3M Center, St. Paul, Minnesota 55133.

2. Plaintiff 3M is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 3M Center, St. Paul, Minnesota 55133.

3. On information and belief, Defendant GOJO is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business at One GOJO Plaza, Akron, Ohio 44311.

## JURISDICTION AND VENUE

4. The claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over GOJO under Minn. Stat. § 543.19. GOJO has continuous and systematic contacts in Minnesota. On information and belief, GOJO also offered to sell and sold products in Minnesota that infringe the patent-in-suit. On information and belief, such infringing products are also being used in Minnesota.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## PATENT-IN-SUIT

8. On January 26, 2010, United States Patent No. 7,651,990 ("the '990 patent") was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '990 patent is attached as Exhibit A.

9. 3M IPC is the owner by assignment of all right, title, and interest in the '990 patent. 3M is the exclusive licensee of the '990 patent.

## CLAIM FOR RELIEF FOR PATENT INFRINGEMENT

10. Plaintiffs reallege and incorporate by reference paragraphs 1 through 9 as if fully stated herein.

11. GOJO has directly infringed, actively induced others to infringe, and/or contributed to the infringement of the '990 patent by making, using, importing into the United States, offering to sell, and/or selling foamable, non-aerosol compositions that include alcohol as a disinfecting and/or antimicrobial agent, including, for example, certain formulations of Purell® Instant Hand Sanitizer Foam, in this district and elsewhere in the United States, in violation of 35 U.S.C. § 271.

12. On January 26, 2010, 3M sued GOJO in the District of Minnesota (Civil No. 10-cv-215-ADM-JSM) for infringement of the '990 patent.

13. Through a sworn affidavit submitted by GOJO President and COO Mark S. Lerner ("Lerner Affidavit"), GOJO represented to 3M that no accused product had been made or sold by or for GOJO since January 26, 2010, the date that the '990 patent issued. (*See* Exhibit B.)

14. In reliance on the Lerner Affidavit, 3M voluntarily dismissed suit against GOJO without prejudice on March 12, 2010. (*See* Exhibit C.)

15, However, 3M has now learned that contrary to the Lerner Affidavit, Purell® Instant Hand Sanitizer Foam having the accused formulations has been made and sold by or for GOJO since January 26, 2010.

16. On information and belief, GOJO will continue to directly infringe, actively induce others to infringe, and/or contribute to the infringement of the '990 patent unless and until GOJO is enjoined by this Court.

17. As a result, Plaintiffs will be damaged and will be irreparably injured unless and until GOJO's infringing activities are enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this Court:

A. To enter judgment that GOJO has infringed the '990 patent in violation of 35 U.S.C. § 271;

B. To enter orders preliminarily and permanently enjoining GOJO, and its respective officers, agents, servants, and employees, and attorneys, and all persons in active concert or participation with any of the foregoing, who receive actual notice by personal service or otherwise of the orders, from infringing the '990 patent in violation of 35 U.S.C. § 271;

C. To award Plaintiffs their respective damages in amounts sufficient to compensate them for GOJO's infringement of the '990 patent, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D. To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award Plaintiffs their attorneys' fees, expenses, and costs incurred in this action; and

E. To award Plaintiffs such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated: July 11, 2011

FAEGRE & BENSON LLP

*[signature]*

David J. F. Gross (No. 208772)
James W. Poradek (No. 290488)
Theodore M. Budd (No. 314778)
Christopher J. Burrell (No. 386475)
**FAEGRE & BENSON LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Fax: (612) 766-1600
Email: dgross@faegre.com;
jporadek@faegre.com; tbudd@faegre.com

Kevin H. Rhodes (No. 318115)
**3M INNOVATIVE PROPERTIES COMPANY**
3M Center
P.O. Box 33427
St. Paul, Minnesota 55133-3427
Telephone: (651) 736-4533
Fax: (651) 733-9155
Email: krhodes@mmm.com

*Attorneys for Plaintiffs 3M Innovative Properties Company and 3M Company*

fb.us.7015150.01